1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SON NGUYEN,                                 Civil No.    09cv1464-WQH (CAB)

                                  Petitioner,
12                                               **REPORT AND RECOMMENDATION TO**
                    v.                           **GRANT RESPONDENT'S MOTION TO**
13                                               **DISMISS**
     JAMES D. HARTLEY, Warden,
14                                               **[Doc. No. 8]**
                                  Respondent.
15

16        This Report and Recommendation is submitted to United States District Judge William Q. Hayes

17   pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States for the Southern

18   District of California.

19                              **I.  PROCEDURAL HISTORY**

20        Son Nguyen (hereinafter "Petitioner") is a state prisoner who is proceeding pro se with a Petition

21   for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  [Doc. No. 1.]

22   Petitioner challenges the August 7, 2006 decision of the Board of Parole Hearings ("Board") denying

23   parole.  [Lodgment 1.][1]  Petitioner alleges the Board improperly denied him parole at his 2006 hearing

24   in violation of his federal due process rights.  [Doc. No. 1 at 8-9.]  Specifically, Petitioner alleges that

25   the state courts erroneously denied him relief, the Board failed to provide some evidence to show that

26   _____

27        [1] Petitioner states in his federal habeas petition that he is challenging his fifth parole denial, the
     August 11, 2007 decision of the Board.  Petitioner, however, challenges that decision in related Case
28   No. 09cv1465-WQH (CAB).  Moreover, the state court habeas petitions that Petitioner references in his
     federal habeas petition were to challenge his fourth parole denial on August 7, 2006.  Therefore, the
     parole hearing at issue in this case is the August 7, 2006 hearing.

                                           1
                                                                          09cv1464

1 petitioner is unsuitable for parole, and the Board did not provide him with individualized consideration.

2 [*Id.* at 6-9.]

3      On December 4, 2009, Respondent filed a Motion to Dismiss the Petition and lodged a portion of

4 the state record.  [Doc. No. 8.]  Respondent contends that Petitioner's claim is barred by the applicable

5 one-year statute of limitations.  [*Id.* at 1-6.]  On January 4, 2010, Petitioner filed a Motion for Extension

6 of Time to File Response to the Motion to Dismiss.  [Doc. No. 9.]  The Court granted Petitioner's

7 request and permitted Petitioner to file a response on or before February 6, 2010.  [Doc. No. 10.]

8 Petitioner has not filed a response to the Motion to Dismiss.

9                              **II.  STATE PROCEEDINGS**

10      On October 28, 1992, Petitioner was sentenced to life with the possibility of parole for two

11 counts of kidnapping for robbery (Penal Code § 209(b)/211), one count of auto theft (Vehicle Code §

12 10851), and the use of a firearm during the commission of each of these crimes (Penal Code § 12022.5).

13 [Lodgment 1 at 1.]  Petitioner's minimum parole eligibility date was November 10, 2001.  [*Id.*]

14      On August 7, 2006, Petitioner had his fourth parole eligibility hearing before the Board.

15 [Lodgment 1.]  The Board found him ineligible for parole.  [*Id.*]  Petitioner filed a petition for writ of

16 habeas corpus in the San Diego Superior Court on April 10, 2007, alleging that (1) after four hearings,

17 the Board no longer provided some evidence that Petitioner was unsuitable for parole, thus violating his

18 due process rights, and (2) the Board continued to use the commitment offense as the primary reason for

19 denial, thus again violating his due process rights.  [Lodgment 2.]  On October 9, 2007, the Superior

20 Court denied the petition.  [Lodgment 3.]  The Superior Court found that because Petitioner had a

21 subsequent parole hearing in 2007, the 2006 decision was moot.  [*Id.* at 2.]

22      On March 18, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the Fourth District

23 Court of Appeal.[2]  [Lodgment 4.]  Petitioner again argued that his state and federal due process rights

24 had been violated by the Board's decision.  [*Id.*]  On September 19, 2008, the Court of Appeal denied

25

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯

   [2]  Although the state habeas petition is stamped April 1, 2008, Petitioner signed it on March 18,
   2008. "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he

27 hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220,
   1222 (9th Cir. 2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385
   (1988).  The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts."

28 *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533
   U.S. 941 (2001).

1   the Petition finding that some evidence supported the 2007 parole denial and, therefore, Petitioner could

2   not overcome the current evidence by challenging an earlier parole denial.  [Lodgment 5.]

3        On January 24, 2009, Petitioner appealed the Court of Appeal's denial of his Habeas Petition to

4   the California Supreme Court.  [Lodgment 6.]  On June 10, 2009, the California Supreme Court

5   summarily denied the petition.  [Lodgment 7.]

6                                    **III.  DISCUSSION**

7        Respondent argues that the Petition should be dismissed with prejudice because Petitioner's

8   claim that the Board violated his due process rights by denying him parole is barred by the applicable

9   statute of limitations.  (Resp't Mem. 1-6.)  The Antiterrorism and Effective Death Penalty Act of 1996

10  ("AEDPA") imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners.

11  28 U.S.C. § 2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The limitation period runs from

12  the latest of:

13           (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;
14
             (B) the date on which the impediment to filing an application created by
15           State action in violation of the Constitution or laws of the United States is
             removed, if the applicant was prevented from filing by such State action;
16
             (C) the date on which the constitutional right asserted was initially
17           recognized by the Supreme Court, if the right has been newly recognized
             by the Supreme Court and made retroactively applicable to cases on
18           collateral review; or

19           (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due
20           diligence.

21  28 U.S.C. § 2244(d)(1).

22       In this situation, where a petitioner challenges a parole board decision, the Ninth Circuit has held

23  that the statute of limitations commences when the final administrative appeal is denied.  *Shelby v.*

24  *Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that Board of Prison Term's denial of inmate's

25  administrative appeal was "factual predicate" of inmate's claim that triggered commencement of

26  limitations period)*; Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (same); *see also In re*

27  *Dexter*, 603 P.2d 35 (1979) (finding state habeas petition challenging administrative determination not

28  cognizable until conclusion of administrative proceedings).

1    In this case, Petitioner did not file an administrative appeal.  Therefore, the Board decision

2  became final 120 days after the date of the hearing.  *See* CAL. PENAL CODE § 3041(b).  The Board

3  denied parole on August 7, 2006, so the parole decision became final 120 days later, on December 5,

4  2006.  Accordingly, the limitations period commenced on December 6, 2006.  FED. R. CIV. P. 6(a).

5  Under section 2244(d)(1)(D), Petitioner had one year, until December 6, 2007, absent applicable tolling,

6  to file his federal petition for writ of habeas corpus.  As discussed below, although the Petition qualifies

7  for some statutory tolling, it is insufficient to render the Petition timely.  Moreover, the Petition does not

8  qualify for equitable tolling and, therefore, it is time-barred.

9           **A.       Statutory Tolling**

10          The statute of limitations is tolled for the "time during which a properly filed application for

11  state post-conviction or other collateral review with respect to the pertinent judgment or claim is

12  pending."  28 U.S.C. § 2244(d)(2).  It is not tolled, however, "from the time a final decision is issued []

13  and the time the first state collateral challenge is filed because there is no case 'pending' during that

14  interval."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  A petition for habeas corpus is

15  considered pending "while a California Petitioner completes a full round of state collateral review."

16  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003), *abrogated on other grounds by Evans v.*

17  *Chavis*, 546 U.S. 189 (2006).  However, a petitioner is entitled to statutory tolling for a complete round

18  of state collateral review only if the petitioner filed his or her state court habeas petition within a

19  "reasonable time" between a lower state court's denial of the habeas petition and the filing of a habeas

20  petition in a higher state court.  *Evans*, 546 U.S. at 193.[3]

21          In the absence of a clear direction or explanation from the California Supreme Court as to what

22  constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts

23  must conduct a case-by-case determination of whether the subject filing delay between state habeas

24  petitions "was made within what California would consider a 'reasonable time.'"  *Evans*, 546 U.S. at

25  198-99.  In *Evans*, the petitioner waited six months between the denial of his state habeas petition in the

26

27          [3] Once AEDPA's one-year period has expired, the filing of a state habeas petition does not
revive the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also*
28  *Rashid v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) (stating "[o]nce the limitations period is
expired, collateral petitions can no longer serve to avoid the statute of limitations").

1    California Court of Appeal and the filing of a state habeas petition in the California Supreme Court. *Id.*

2    at 201.  The Supreme Court noted that six months is far longer than the short periods of time, 30 to 60

3    days, that most States provide for filing an appeal to the state supreme court, as well as being longer

4    than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme

5    Court. *Id.*  The Supreme Court assumed "that California law ... did not differ significantly from the laws

6    of other States, *i.e.*, that California's 'reasonable time' standard would not lead to filing delays

7    substantially longer than those in States with determinate timeliness rules." *Id.* at 199-200.  As a result,

8    the Supreme Court held the petition to be untimely because it "found no authority suggesting, nor found

9    any convincing reason to believe, that California would consider an unjustified or unexplained 6-month

10   filing delay 'reasonable.'" *Id.* at 201.

11        Furthermore, the Ninth Circuit recently found a shorter delay between habeas petitions to be

12   unreasonable.  In *Chaffer v. Prosper*, the Ninth Circuit held that a 115-day gap between denial of the

13   first habeas petition and the filing of the second habeas petition and a 101-day gap between the denial of

14   the second habeas petition and the filing of the third habeas petition were unreasonable.  592 F.3d 1046,

15   1048 (9th Cir. 2010) (*per curiam*).  Since the "filing delays were substantially longer than the '30 to 60

16   days' that 'most States' allow for filing petitions, and [the petitioner] offered no justification for the

17   delays," the Ninth Circuit held that the petitioner was not entitled to statutory tolling between the habeas

18   petitions. *Id.*; *see also Banjo v. Ayers*, –F.3–, No. 08-56512 (9th Cir. June 17, 2010) (finding that 146-

19   day gap between habeas petition filings was unreasonable and inconsistent with short periods of time

20   permitted by most states and envisioned by Supreme Court in reaching *Saffold* and *Chavis* decisions).

21        Here, Petitioner filed his first state habeas petition in Superior Court on April 10, 2007, 125 days

22   after the one-year limitation period started to run on December 6, 2006. [Lodgment 2.]  The Superior

23   Court denied the petition on October 9, 2007.  [Lodgment 3.]  After that denial, Petitioner waited 160

24   days to file his next state habeas petition in the California Court of Appeal on March 18, 2008.

25   [Lodgment No. 4.]  Petitioner then waited 126 days after the denial of his petition by the California

26   Court of Appeal to file his next state habeas petition in the California Supreme Court.  [Lodgment

27   No. 6.]  Based upon the United States Supreme Court's decision in *Evans v. Chavis* and the Ninth

28   / / /

09cv1464

1  Circuit's opinion in *Chaffer v. Prosper*, the Court finds the unexplained, unjustified 160-day and 126-

2  day delays unreasonable under California law.

3          Therefore, based upon this Court's determination that the delays between each round of

4  Petitioner's state court habeas petitions were unreasonable, AEDPA's one-year limitation period ended

5  on December 9, 2008 even allowing for tolling during each petition.[4]  The instant Petition was filed on

6  June 30, 2009.  Accordingly, although Petitioner is entitled to statutory tolling while each habeas

7  petition was being decided, that tolling is insufficient to render the Petition timely.  Therefore, unless

8  equitable tolling applies, the instant petition is time-barred.

9          **B.      Equitable Tolling**

10          Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary

11  circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v.*

12  *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted).  "External forces," not a petitioner's

13  "lack of diligence" must account for his failure to file a timely petition.  *Miles v. Prunty*, 187 F.3d 1104,

14  1107 (9th Cir. 1999) (applying equitable tolling where prison officials delayed mailing petition and

15  filing fee); *see also Lott v. Mueller*, 304 F.3d 918, 922-26 (9th Cir. 2002) (holding that prisoner was

16  entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for

17  factual determination of whether petitioner's allegation to that effect was true).  "[T]he threshold

18  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."

19  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).  The burden is on the

20  petitioner to demonstrate equitable tolling is appropriate.  *Id.* at 1065.

21          Here, Petitioner has not asserted any basis for equitable tolling of the limitations period.  Nor is

22  there any evidence of conduct by the State or by Respondent which impeded Petitioner's ability to file

23  his federal petition in a timely manner.  Therefore, equitable tolling of the limitations period is not

24  appropriate in this case.

25

26          [4]Petitioner waited 125 days after the Board's parole decision became final to file his first state court habeas petition.  He unreasonably waited 160 days between the denial of his first habeas petition by the Superior Court before filing a habeas petition in the California Court of Appeal.  Thus, at the time

27  the California Court of Appeal denied his habeas petition, 285 days of the limitation period had elapsed. Petitioner then unreasonably delayed in filing a petition with the California Supreme Court and,

28  therefore, the statute of limitations began to run again after the Court of Appeal's denial, expiring on December 9, 2008.

1    The instant petition was filed after AEDPA's one-year statute of limitations had expired even

2 considering the appropriate statutory tolling.  Therefore, the Court **RECOMMENDS** that the motion to

3 dismiss the Petition based on statute of limitations grounds be **GRANTED**.

4                                                   **III.  CONCLUSION**

5    For the reasons discussed above, the Court **RECOMMENDS** that the motion to dismiss be

6 **GRANTED** and this case be **DISMISSED** with prejudice.  This report and recommendation of the

7 undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case

8 pursuant to 28 U.S.C. § 636(b)(1).

9    **IT IS ORDERED** that no later than **July 22, 2010**, any party to this action may file written

10 objections with the Court and serve a copy on all parties.  The document should be captioned

11 "Objections to Report and Recommendation."

12    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

13 served on all parties no later than **ten days after being served with the objections**.  The parties are

14 advised that failure to file objections within the specified time may waive the right to raise those

15 objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16

17 DATED:  June 22, 2010

18

19                                                                   **CATHY ANN BENCIVENGO**
                                                                       United States Magistrate Judge

20

21

22

23

24

25

26

27

28

09cv1464