# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SON NGUYEN,<br>                Petitioner,<br>vs.<br>JAMES D. HARTLEY, Warden,<br>                Respondent. | CASE NO. 09cv1464-WQH-CAB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (Doc. # 11) issued by United States Magistrate Judge Cathy Ann Bencivengo, recommending that Respondent's Motion to Dismiss (Doc. # 8) be granted and that judgment be entered dismissing the Petition for Writ of Habeas Corpus (Doc. # 1) for failure to file within the applicable statute of limitations.

**I.    Background**

On October 28, 1992, Petitioner Son Nguyen was sentenced to life with the possibility of parole for two counts of robbery kidnap, one count of auto theft, and the use of a firearm. (Pet. at 2, Doc. # 1).

On August 7, 2006, the California Board of Parole Hearings ("Board") found Petitioner unsuitable for early release on parole. (Lodgment # 1 at 48).

On April 10, 2007, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court, challenging the Board's August 7, 2006 denial of parole. (Lodgment # 2). On October 9, 2007, the Superior Court denied the petition. (Lodgment # 3). On March 18, 2008, Petitioner signed a petition for writ of habeas corpus which was filed in the California Court

1  of Appeal, challenging the Board's August 7, 2006 denial of parole. (Lodgment # 4). On
2  September 19, 2008, the Court of Appeal denied the petition. (Lodgment # 5). On January
3  24, 2009, Petitioner signed a petition for writ of habeas corpus which was filed in the
4  California Supreme Court. (Lodgment # 6). On June 10, 2009, the California Supreme Court
5  summarily denied the petition. (Lodgment # 7).

6      On July 6, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28
7  U.S.C. § 2254 in this Court, challenging the Board's August 7, 2006 denial of parole.[1] (Doc.
8  # 1).

9      On December 4, 2009, Respondent filed a Motion to Dismiss the Petition and a Notice
10 of Lodgment. (Doc. # 8). Respondent contends that the Petition is barred by the one-year
11 statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996
12 ("AEDPA"), 28 U.S.C. § 2244(d).

13     On January 4, 2010, Petitioner filed a Motion for Extension of Time to File Response
14 to the Motion to Dismiss. (Doc. # 9). Petitioner requested an extension "up until February 6,
15 2010 in which to prepare and file his ... Opposition to Respondent's Motion to Dismiss the
16 writ." (Doc. # 9 at 2).

17     On January 6, 2010, the Magistrate Judge granted Petitioner's Motion for Extension of
18 Time and permitted Petitioner to file a response to the Motion to Dismiss on or before
19 February 6, 2010. (Doc. # 10).

20     The docket reflects that Petitioner has not filed a response to the Motion to Dismiss.

21     On June 22, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc.
22 # 11). The Magistrate Judge concluded that the Petition was filed after the expiration of the
23 statute of limitations pursuant to 28 U.S.C. § 2244(d). The Report and Recommendation
24 concludes:

25         For the reasons discussed above, the Court RECOMMENDS that the
        motion to dismiss be GRANTED and this case be DISMISSED with prejudice.
26

---

[1] On the same day, July 6, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court challenging a denial of parole by the Board on August 14, 2007. *See Nguyen v. Powers*, S.D. Cal. Case No. 09-cv-1465-WQH-CAB, Doc. # 1. On June 25, 2010, this Court entered judgment in that case. *See id.*, Doc. # 18.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

IT IS ORDERED that no later than July 22, 2010, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned 'Objections to Report and Recommendation.'

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than ten days after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

(Doc. # 11 at 7).

The docket reflects that neither party filed objections to the Report and Recommendation.

**II.   Review of the Report and Recommendation**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Magistrate Judge's Report and Recommendation in this case, and this Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly determined that the Petition was not timely filed in this Court because "the delays between each round of Petitioner's state court habeas petitions were unreasonable, [and therefore] AEDPA's one-year limitation period ended on December 9, 2008 even allowing for [statutory] tolling during each petition." Doc. # 11 at 6 (citing, inter alia, *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010)). The Magistrate

Judge correctly concluded that "Petitioner has not asserted any basis for equitable tolling of the limitations period," "[n]or is there any evidence of conduct by the State or by Respondent which impeded Petitioner's ability to file his federal petition in a timely manner." *Id.*; *cf. Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2562 (2010) ("[28 U.S.C.] § 2244(d) is subject to equitable tolling ... only if [petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (quotation omitted). The Court adopts all portions of the Report and Recommendation.

### III.  Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in the Report and Recommendation and in this Order, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing the Petition as untimely. The Court denies a certificate of appealability.

### IV.  Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 11) is ADOPTED in its entirety, and the Motion to Dismiss (Doc. # 8) is GRANTED. The Clerk of the Court shall enter judgment dismissing the Petition for Writ of Habeas Corpus (Doc. # 1) for failure to file within the statute of limitations set forth in 28 U.S.C. § 2244(d).

DATED: August 9, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge